UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GENESIS ALTERNATIVE FINANCE IV LLC,**

      Plaintiff,

Case No:  21-cv-

v.                                  Hon.

**SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC
D/B/A INSIGHT SURGICAL HOSPITAL,
ALLIANCE ANESTHESIA PLLC,
MICHIGAN SURGICAL HOSPITAL, AND
JAWAD A. SHAH, M.D., P.C.**

      Defendants.

---

KASSEM DAKHLALLAH (P70842)
**HAMMOUD, DAKLALLAH &
ASSOCIATES, PLLC**
Attorney for Plaintiff
6050 Greenfield Rd, Ste 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

---

## <u>COMPLAINT</u>

## <u>INTRODUCTION</u>

1.    This action arises from Alliance Anesthesia PLLC ("Alliance"), Southeast Michigan Surgical Hospital, LLC d/b/a Insight Surgical Hospital ("Southeast Surgical"), Michigan Surgical Hospital ("Michigan Surgical"), and Jawad A. Shah, M.D., P.C. ("Shah") actions in breach of their financing agreements with Genesis Alternative Finance IV LLC ("Genesis").

2.      The Defendants' actions breached financing agreements with Genesis under Michigan law and Genesis is entitled to financial recovery as well as equitable and declaratory relief.

**JURISDICTION**

3.      Jurisdiction is proper in this District Court pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction). The amount of controversy exceeds over $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and all Defendants.

4.      Venue is proper in this District Court because all Defendants, upon information and belief, have a principal place of business in the Eastern District of Michigan

5.      Venue is also proper in this District Court where the parties entered into the pertinent financing agreements in the Eastern District of Michigan.

6.      Venue is further proper in this District Court as all Defendants are corporations that provide medical services to patients throughout the Eastern District of Michigan.

7.      Pursuant to each contract as mentioned below, Michigan Law is applicable.

**PARTIES**

8.      Plaintiff is a for-profit corporation licensed to do business in the State of Texas with its headquarters and principal place of business in Dallas, Texas.

9.      Upon information and Belief, Defendant Southeast Michigan Surgical Hospital, LLC d/b/a Insight Surgical Hospital ("Southeast Surgical") is a for-profit corporation licensed to do business in the State of Michigan with its principal place of business in Warren, Michigan.

10.     Upon information and belief, Defendant Alliance Anesthesia PLLC ("Alliance") is a for-profit corporation licensed to do business in the State of Michigan with its principal place of business in Flint, Michigan.

2

11.     Upon information and belief, Defendant Michigan Surgical Hospital ("Michigan Surgical") is a for-profit corporation licensed to do business in the State of Michigan with its principal place of business in Flint, Michigan.

12.     Upon information and belief, Defendant Jawad A. Shah, M.D., P.C. ("Shah") is a for-profit corporation licensed to do business in the State of Michigan with its principal place of business in Flint, Michigan.

## FACTUAL ALLEGATIONS

13.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

14.     Genesis has entered into No-Fault Accounts Management Services and Advance Agreement ("Advance Agreement") contracts with each respective Defendant.

15.     Under these Advance Agreement contracts, Genesis (the Assignee) provides advance funding with profit sharing provisions to each Defendant (the Assignor, respectively).

16.     In return for the advance funding, each Assignor assigns to Genesis rights to the collection of accounts that correspond to medical services rendered by the Assignor to patients seeking treatment under Michigan's No-Fault Statute MCL 500.3101 et. seq.

17.     These accounts are specified in various Account Addenda.

18.     Each Account Addendum identifies each collection account by patient name(s), date(s) of service, and outstanding charges.

19.     Each Advance Agreement contains relevant terms, conditions, and agreed upon calculation rates that determine how medical collections are to be distributed between the parties to the Advance Agreement.

20.     On December 12, 2019, Genesis entered into an Advance Agreement with Alliance. (Exhibit A).

21.     On October 18, 2019, Genesis entered into an Advance Agreement with Michigan Surgical. (Exhibit B).

22.     On May 28, 2020, Genesis entered into an Advance Agreement with Southeast Michigan Surgical. (Exhibit C).

23.     On May 28, 2020, Genesis entered into an Advance Agreement with Shah. (Exhibit D).

24.     Respectively, Defendants have breached their pertinent Advance Agreements with Genesis.

25.     Respectively, Defendants have failed to conduct business in a professional way with respect to Genesis.

26.     Under section (C)(3) of each Advance Agreement, the Assignor has a duty "To cooperate with Assignee in facilitating repayment of the account, including appearance at any deposition or other court proceeding regarding the account without cost to the Assignee".

27.     Defendants have failed to provide Genesis with corroborating correspondence from insurance companies and attorneys to resolve disbursement issues.

28.     Defendants have failed to include Genesis on master settlement agreements, even after amendments and failure to negotiate in good faith.

29.     Under section (C)(4) of each Advance Agreement, the Assignor further has a duty "To immediately forward any payment received by the Assignor (from any source) on the account subject to this Agreement, directly to the Assignee without depositing said funds".

30.     Defendants have deliberately withheld funds belonging to Genesis for additional periods of time without immediate forwarding to Genesis.

31.     Under section (C)(7) of each Advance Agreement, the Assignor further has the duty to "maintain an accurate accounting of all accounts subject to this Agreement…"

32.     Defendants have deliberately misappropriated settlement funds after failing to ensure that all bills and charges were included in settlement discussions.

33.     Defendants have purposely stated that no settlement funds had come in, but, upon investigation through Genesis's own efforts, Genesis found that Defendants received hundreds of thousands of dollars on claims that Genesis had purchased under the Advance Agreement.

34.     Furthermore, Defendants have failed and refused to provide a proper accounting of monies owed, in breach of the Advance Agreements.

35.     Put simply, the Assignor must automatically forward all payments on accounts assigned to Genesis without error or delay, and the Assignor must participate with Genesis in the collection of those accounts.

36.     Under section (C)(5) of each Advance Agreement, the Assignor further has the duty "To the extent necessary in the execution, or in the furtherance of this Agreement, Assignor hereby irrevocably appoints Assignee, or its officers, as its true and lawful attorney, with full power of substitution, in the name of Assignor, for the use and benefit of Assignee on its behalf and on behalf of Assignor, to exercise, at anytime (subject to the provisions herein), all or any of the following powers: (i) to demand, sue for, collect, receive, and give acquittance for any and all monies due or to become due with respect to any accounts assigned under this Agreement, or by virtue thereof; (ii) to settle, compromise, compound, prosecute or defend any action or proceeding with respect to any account assigned, (iii) to deal in or with the accounts assigned or the proceeds

or avails thereof, as fully and effectually as consistent with Assignee being the absolute owner thereof, and (iv) to extend time of payment of any or all thereof and to make any allowance and other adjustments with reference to the assigned accounts;"

37.     Defendants have failed to perform these duties under the Advance Agreement, causing Genesis to suffer damages.

38.     Furthermore, Defendants have acted notwithstanding the duties, rights, and responsibilities that the parties agreed to in each Advance Agreement.

39.     Under each Advance Agreement,[1] the Assignor warrants that there are no other claims, set-offs, or reductions in value to the account. Simply, the Assignor must not devalue the claims purchased by Genesis.

40.     Defendants have knowingly violated this section due to various contracts that they entered into with entities that have effectively reduced the value of claims purchased by Genesis under the Advance Agreements.

41.     Genesis has been unable to recoup stated amounts under the Advance Agreements due to Defendants' respective breach of contract, including failure to perform duties under the Advance Agreements.

42.     Defendants have hindered Genesis's ability to pursue collections as Assignee of same under the Advance Agreements due to Defendants' breach of contract, including failure to perform duties under the Advance Agreements.

43.     Additionally, Defendants have failed to remit payments, back to Genesis, that they received corresponding to accounts assigned to Genesis.

---

[1] This warrant is found in in section (B)(18) of the Michigan Surgical and Southeast Surgical Advance Agreements, and (B)(16) of the Alliance Anesthesia and Shah Advance Agreements.

44.     Moreover, Defendants have remitted partial, incomplete, and inaccurate payments to Genesis that do not accurately reflect amounts owed to Genesis under the Advance Agreements and Account Addenda.

45.     Pursuant to the Advance Agreements, Defendants have irrevocably appointed Plaintiff as their attorney in fact for several purposes, including but not limited to direct collection of all amounts due under all accounts.

## COUNT I: BREACH OF CONTRACT (AS TO ALL DEFENDANTS)

46.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

47.     The Advance Agreements are valid and binding contracts.

48.     Plaintiff and Defendants each had rights and obligations under their Advance Agreements.

49.     Defendants have breached their respective Advance Agreements by failing to remit payments, back to Genesis, that Defendants received corresponding to accounts assigned to Genesis.

50.     Defendants have breached their respective Advance Agreements by remitting partial, incomplete, and inaccurate payments to Genesis that do not accurately reflect amounts owed to Genesis under the Advance Agreements and Account Addenda.

51.     Defendants have further breached their respective Advance Agreements by failing to complete their duties under the contract, including, but not limited to, the Assignor's Duties Section (C).

52.     Defendants have further breached their respective Advance Agreements by failing to uphold and abide by the warrants set forth in the contract, including, but not limited to, the Assignor Warrants outlined in Section (B) of the Advance Agreement.

53.     Defendants have further breached their respective Advance Agreements by failing to include Genesis on master settlement agreements, even after amendments and failure to negotiate in good faith.

54.     Defendants have further breached their respective Advance Agreements by failing to conduct business in a professional way with respect to Genesis.

55.     As a result of Defendants' material breach of their respective Advance Agreements, Genesis has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT II: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING (AS TO ALL DEFENDANTS)

56.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

57.     The Advance Agreements and Account Addenda are subject to the covenant of good faith and fair dealing implied by law, which covenant imposes on Defendants the obligation to exercise their discretion in good faith and for good business reasons in a manner that is fair and reasonable to Genesis under the circumstances.

58.     At all times entering into the Advance Agreements, and in performance thereunder, Genesis relied upon the obligations of good faith and fair dealing imposed by the law on Defendants, and specifically in making investments via the Advance Agreements. Genesis relied

on the implied obligation that Defendants would not breach or otherwise terminate the Advance Agreements except for good business reasons concerning Genesis's performance thereunder and would not interfere with Genesis's performance under the Agreements.

59.     At all times entering into the Advance Agreements, and in performance thereunder, Defendants have failed to conduct business in a professional way with respect to Genesis.

60.     By their conduct set forth above, Defendants have breached their implied covenant of good faith and fair dealing with each respective Advance Agreement and Account Addenda.

61.     As a result, Genesis has suffered damages which are continuing to accrue.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT III: COMMON LAW CONVERSION (AS TO ALL DEFENDANTS)

62.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

63.     Defendants each respectively received funds corresponding to payments on medical accounts assigned to Genesis under the Advance Agreements and Account Addenda.

64.     Defendants failed to remit these funds back to Genesis as agreed to under the Advance Agreements and Account Addenda.

65.     Defendants wrongfully and knowingly retained possession of property belonging to Genesis.

66.     This use of Genesis's personal property is contrary to the purpose that the funds were received and deposited for.

67.     Genesis demanded its funds be returned. Defendants refused to return Genesis's funds.

68.     Defendants wrongfully retained these funds.

69.     Defendants wrongfully asserted dominion over Genesis's funds.

70.     These actions constitute a conversion of Genesis's funds, which has caused damages to Genesis.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT IV: STATUTORY CONVERSION (AS TO ALL DEFENDANTS)

71.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

72.     MCL 600.2919a provides that a person damaged as a result of another person's stealing or embezzling property or converting property to the other person's own use may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees.

73.     Defendants' respective actions as alleged in the preceding paragraphs constitute statutory conversion, which has damaged Genesis.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000 plus treble damages. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT V: EMBEZZLEMENT (AS TO ALL DEFENDANTS)

74.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

75.     As provided for herein above, Defendants have respectively looted, converted, and otherwise embezzled monies they received corresponding to payments on medical accounts assigned to Genesis under the Advance Agreement and any pertinent Account Addenda.

76.     Under the Advance Agreements that Genesis entered into with each Defendant, monies collected by Defendants, corresponding to accounts assigned to Genesis, belong to Genesis.

77.     Defendants have failed to return the stolen and withheld monies or otherwise account for the disparities under the Advance Agreements and Account Addenda despite Genesis's various demands.

78.     As a result of the aforementioned embezzlement, Genesis has been damaged.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000 plus treble damages. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT VI: MISAPPROPRIATION OF PROPERTY (AS TO ALL DEFENDANTS)

79.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

80.     After entering into their respective Advance Agreements, Defendants began knowingly and wrongfully misappropriating, retaining, and using Genesis's funds and property for their own use and enjoyment.

81.     Defendants knowingly and wrongfully used Genesis's funds and property without Genesis's knowledge or permission to do so.

82.     After wrongfully misappropriating, retaining, and using Genesis's funds and property, Defendants maintained control of these funds and property without Genesis's knowledge or permission.

83.     As a result of the aforementioned misappropriation of property, Genesis as suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000 plus treble damages. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT VII: FRAUDULENT MISREPRESENTATION (AS TO ALL DEFENDANTS)

84.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

85.     Defendants induced Genesis to enter into each respective Advance Agreement by misrepresentation of material facts and omission of material facts.

86.     Specifically, during negotiations with Genesis, Defendants represented their intention on complying with the Advance Agreement and the terms and conditions therein.

87.     Defendants further represented that they would respect Genesis's recourse under the Advance Agreements for Assignors' failure to comply with the Agreements' terms, conditions, duties, warrants, and representations.

88.     Furthermore, during negotiations with Genesis, Defendants represented their intention on participating in the collection process, also in compliance with the Advance Agreement and the terms and conditions therein.

89.     Defendants misrepresented that all files purchased by Genesis were complete.

90.     Defendants misrepresented that they would contract and complete business in good faith.

91.     Defendants misrepresented that they were good actors, with professional business acumen, who pay their bills and care about their reputation.

92.     Defendants misrepresented that they practiced excellent billing and collection processes.

93.     Defendants knew such representations to be false, or it made those representations recklessly, or Defendants had no reasonable grounds for believing those representations were true. Defendants also knew that its omissions were material and important.

94.     Defendants intended to deceive Genesis and intended that Genesis would rely upon their representations, which Genesis did, to their detriment, suffering damages as a result.

95.     By accepting advance amounts tendered by Genesis, and by failing to comply with their duties under the Advance Agreements and Account Addenda, Defendants have benefitted from their misrepresentations to Genesis.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT VIII: SILENT FRAUD (AS TO ALL DEFENDANTS)

96.     Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

97.     Before entering into their respective Advance Agreements, Defendants did not disclose their intentions on failing to uphold their duties under the Advance Agreements.

98.     Before entering into their respective Advance Agreements, Defendants did not disclose their intention on withholding monies rightfully owed to Genesis under the Agreement.

99.     Before entering into their respective agreements Advance Agreements, Defendants did not disclose their intention on remitting partial payments to monies rightfully owed to Genesis under the Agreement.

100.     Before entering into their respective Advance Agreements, Defendants did not disclose that the files purchased by Genesis were incomplete.

101.     Before entering into their respective Advance Agreements, Defendants did not disclose that they had incomplete, flawed, or otherwise problematic billing and collection practices that would hinder Genesis's ability to collect funds as set forth in the Agreements.

102.     Defendants knew or should have known that the failure to disclose these intentions would create a false impression.

103.     Defendants intended that Genesis would rely upon the false impressions to enter into the Agreement.

104.     Genesis relied upon the false impressions made by Defendants.

105.     Genesis has suffered damages as a result of the false impressions made by Defendants.

14

106.    By accepting advance amounts tendered by Genesis, and by failing to comply with their duties under the Advance Agreements and Account Addenda, Defendants have benefitted from their misrepresentations to Genesis.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT IX: INNOCENT MISREPRESENTATION (AS TO ALL DEFENDANTS)

107.    Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

108.    Defendants' respective misrepresentations, as set forth in the preceding paragraphs, were made in connection with the Advance Agreements entered into between Genesis and the Defendants.

109.    Defendants' respective misrepresentations, as set forth in the preceding paragraphs, were false and actually deceived Genesis into believing that Defendants would comply with their respective Advance Agreements.

110.    Genesis relied on the misrepresentations made by Defendants.

111.    Genesis would not have entered into the Advance Agreements with the Defendants if Defendants had not made the representations.

112.    Genesis suffered damages due to the misrepresentations made by Defendants.

113.    By accepting advance amounts tendered by Genesis, and by failing to comply with their duties under the Advance Agreements and Account Addenda, Defendants have benefitted from their misrepresentations to Genesis.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

### COUNT X: CIVIL CONSPIRACY (AS TO ALL DEFENDANTS)

114. Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

115. Defendants, together and in accord with one another, planned and conspired with each other to loot, embezzle, convert, and otherwise withhold monies properly belonging to Genesis under the Advance Agreements and Account Addenda.

116. Defendants withheld payments and made partial, incomplete, and inaccurate payments to Genesis for monies belonging to Genesis under the aforementioned contracts.

117. Defendants further conspired to withhold participation in the collection process, as required in each Defendant's respective Advance Agreement, to the detriment of Genesis.

118. Defendants further conspired to withhold accounting of the amounts due to Plaintiff contrary to the requirements in each Defendant's respective Advance Agreement.

119. The aforementioned acts evidences the careful planning of Defendants, who are entities all related to one another, and who engaged in the collective actions of defrauding, looting, embezzling, and converting property and assets rightfully belonging to Genesis.

120. As a result of the aforementioned conspiracy, Genesis has been damaged.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT XI: FRAUDULENT INDUCEMENT

121.    Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

122.    Each Defendant made material representations to Genesis.

123.    Specifically, during negotiations with Genesis, Defendants represented their intention on complying with the Advance Agreement and the terms and conditions therein.

124.    Furthermore, during negotiations with Genesis, Defendants represented their intention on participating in the collection process, also in compliance with the Advance Agreement and the terms and conditions therein.

125.    Defendants further represented that they would respect Genesis's recourse under the Advance Agreements for Assignors' failure to comply with the Agreements' terms, conditions, duties, warrants, and representations.

126.    Defendants misrepresented that all files purchased by Genesis were complete.

127.    Defendants misrepresented that they would contract and complete business in good faith.

128.    Defendants misrepresented that they were good actors, with professional business acumen, who pay their bills and care about their reputation.

129.    Defendants misrepresented that they practiced excellent billing and collection processes.

130.    Such representations made were false.

131.    Each Defendant knew said representations to be false, and made same without knowledge of its truth, recklessly, and as a positive assertion.

132.    Each Defendant made said representations with the intention that Genesis would act upon it and enter into the Advance Agreements.

17

133.    Genesis acted upon each Defendants' fraudulent statements and relied upon the same to enter into the respective Advance Agreements.

134.    Genesis was, and continues to be, damaged by this fraudulent inducement.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests a judgment for equitable relief including rescission of the pertinent contracts, and an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

### COUNT XII: UNJUST ENRICHMENT/QUANTUM MERUIT (AS TO ALL DEFENDANTS)

135.    Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

136.    Defendants have retained funds that they were not entitled to keep.

137.    These funds are monies received by each Defendant that correspond to medical accounts assigned to Genesis under the Advance Agreements.

138.    Defendants have also retained the full value of the advance financing that Genesis made to each Defendant under each respective Advance Agreement.

139.    These actions resulted in a benefit to Defendants, to the detriment of Plaintiff.

140.    Under the facts and circumstances described herein, the benefit to Defendants in inequitable.

141.    As a result, Genesis has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

<u>**COUNT XIII: INJUNCTIVE RELIEF**</u>

142.    Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

143.    Upon information and belief, each Defendants continue to withhold funds belonging to Genesis under each Advance Agreement and Account Addenda.

144.    Defendants' persistent withholding of funds continues to damage Genesis.

145.    Defendants continue to withhold account information from Plaintiff.

146.    Genesis has no adequate relief for Defendants' continued breach of the Advance Agreements and Account Addenda, including Defendants' continued withholding of funds belonging to Genesis.

147.    Genesis can establish a likelihood of success on the merits of this matter.

148.    Genesis is suffering irreparable harm with each passing day that Defendants withhold funds rightfully belonging to Genesis.

149.    Injunctive relief would not cause substantial harm to others.

150.    Injunctive relief is in the public interest as this Court must uphold the sanctity of private contracting rights between commercial entities.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters preliminary and permanent injunctive relief against each Defendant, forcing same to discontinue the withholding of all funds belonging to Genesis under the Advance Agreement and Account Addenda, and deliver all funds withheld to Genesis.

<u>**COUNT XIV: DECLARATORY RELIEF**</u>

151.    Plaintiff incorporates by reference all other paragraphs previously stated as if fully set forth herein.

152.   An actual controversy exists between Genesis and Defendants.

153.   This Court must determine the following:

A.   That the Advance Agreements entered into between Genesis and Defendants are valid agreements thereby binding the parties to the terms and conditions within.

B.   That the Account Addenda are valid and appropriate addenda to the Advance Agreements and further define the rights and responsibilities of the parties under the Advance Agreements.

C.   That each Defendant, pursuant to each respective Advance Agreement, is in breach of said agreements.

D.   That the funds held by each respective Defendant are the property of Genesis.

E.   That Plaintiff is entitled to an accounting of all funds due under all of the agreements.

F.   That due to the respective breach of the Advance Agreement, each respective Defendant owes, to Genesis, an amount of funds pursuant to each pertinent Advance Agreement and relevant Account Addenda.

G.   That pursuant to each respective Advance Agreement, all attorneys, collection agents, or other individuals authorized to act on behalf of, collect, or otherwise obtain possession of funds pertaining to medical accounts set forth in the Advance Agreements and Account Addenda, must immediately deliver all funds to Genesis without delay or obstruction.

H.   Other determinations, orders, and judgments necessary to fully adjudicate the rights and responsibilities of the parties under the respective Advance Agreements and Account Addenda.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters an Order resolving each of these controversies in favor of Plaintiff and against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enters Judgment against Defendants in an amount greater than $75,000. Plaintiff further requests an award of all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

Respectfully submitted:

*/s/ Kassem M. Dakhlallah*
KASSEM DAKHLALLAH (P70842)
**HAMMOUD, DAKLALLAH &
ASSOCIATES, PLLC**
Attorney for Plaintiff
6050 Greenfield Rd, Ste 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

Date: June 9, 2021

## **JURY DEMAND**

Plaintiffs demand that this case be tried before a jury.

Respectfully submitted:

*/s/ Kassem M. Dakhlallah*
KASSEM DAKHLALLAH (P70842)
**HAMMOUD, DAKLALLAH &
ASSOCIATES, PLLC**
Attorney for Plaintiff
6050 Greenfield Rd, Ste 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

Date: June 9, 2021