UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Genesis Alternative Finance IV LLC,

    Plaintiff,

v.                                                Case No.: 21-11351
                                                     Honorable Sean F. Cox

Southeast Michigan Surgical
Hospital, LLC, *et al.*,

    Defendants.

_____/

## **ORDER REGARDING SUBJECT MATTER JURISDICTION**

Plaintiff Genesis Alternative Finance IV LLC ("Plaintiff"), filed this action against Defendants, asserting that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff's Complaint, however, lacks sufficient jurisdictional allegations as to both the Plaintiff's citizenship and the citizenship of the Defendants.

As such, this Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction, stating in pertinent part:

> Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.
> First, the Complaint does not identify the citizenship of the named parties that are limited liability companies.
> For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation." *Homfeld II, LLC v. Comtair Holdings, Inc*., 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). Rather, a limited liability company "has the citizenship of its *members*." *Id.* (emphasis added). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the

> citizenship of each 'sub-member' as well." *Delay, supra*.
>     Second, for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state where the corporation was incorporated *and* the state wherein the corporation has its principal place of business. Plaintiff's complaint lacks sufficient allegations as to the named parties that are corporations.
>     Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, on or before June **17, 2021** why this case should not be dismissed for lack of subject matter jurisdiction. Specifically, for each party that is a limited liability company, Plaintiff must identify each of its members (and any sub-members) and the citizenship of each member (and any sub-members) and must do the same for the defendant limited liability companies. Plaintiff must also identify any lacking details as to the named parties that are corporations.
>     **IT IS SO ORDERED**.

(ECF No. 4) (emphasis in original).

On June 17, 2021, Plaintiff filed its response to this Court's Show Cause Order. (ECF No. 7). Plaintiff's response reflects that there are several layers of complexity in this case, as the parties include limited liability companies that have sub-members. Moreover, having carefully reviewed Plaintiff's response, the Court concludes that Plaintiff has still not sufficiently apprised the Court of all pertinent jurisdictional facts as to Plaintiff and Defendants and all of their sub-members. For example, Plaintiff's response references "investors" of an LLC when the pertinent inquiry is the citizenship of an LLC's ***"members."*** Thus, when looking at the citizenship of an LLC the Court needs to know the identity of all "members" and "sub-members." The response also fails to include the necessary allegations as to every relevant corporation – which is deemed a citizen of the state where it was incorporated (not where it does business or is licensed) and the state where its principal place of business is located.

Because subject matter jurisdiction may be challenged at any time, even on appeal after the district court case has concluded, the Sixth Circuit has stressed that it expects parties to be "meticulous" as to jurisdictional allegations. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). The jurisdictional allegations in Plaintiff's Complaint are

facially deficient, yet Plaintiff has not filed an amended complaint seeking to cure those deficiencies.

The Sixth Circuit has indicated that in situations like this, a district has an "obligation to go further" when jurisdictional allegations are not sufficient to determine if diversity jurisdiction exists. *V&M Star, LP v. Centimark Corp*., 596 F.3d 354, 357 (6th Cir. 2010) (Explaining the district "court should have insisted that [the plaintiff] establish the citizenship of its partner LLCs, including any 'sub-members.'")

Under Fed. R. Civ. P. 15, a district court "has wide discretion to allow a party to amend a complaint" and that discretion includes allowing a plaintiff the opportunity to attempt to cure jurisdictional flaws by filing an amended complaint. *Hunely v. Glencore, Ltd., Inc*., 2012 WL 1071271 at * 10 (E.D. Tenn. 2012).

In light of all of this, the Court **ORDERS that, no later than July 1, 2021**, Plaintiff may file an amended complaint in order to attempt to establish that this Court has diversity jurisdiction over this action.

**IT IS SO ORDERED**.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: June 22, 2021